[No. 84891-2.   En Banc.]
Considered February 3, 2011.   Decided February 10, 2011.

THE STATE OF WASHINGTON, *Respondent*, v. JOEL RODRIGUEZ RAMOS, *Petitioner*.

*Sheryl Gordon McCloud* (of *Law Offices of Sheryl Gordon McCloud*), for petitioner.

*James P. Hagarty, Prosecuting Attorney*, and *Kenneth L. Ramm Jr., Deputy*, for respondent.

¶1 PER CURIAM — We consider whether the Court of Appeals' remand to the trial court to clarify the terms of community placement in this criminal case vested the trial court with discretion, triggering defendant Joel Ramos's constitutional right to be present at sentencing. We grant Ramos's petition for review and hold that the remand order calls for the trial court to exercise discretion. Therefore, a sentencing hearing should be scheduled at which Ramos must be present.

¶2 In 1993, Ramos and Miguel Gaitan, both 14 years old, murdered a family of four in the family's home during a robbery. Gaitan killed a couple and their 12-year-old son, while Ramos killed the couple's 6-year-old son. Ramos, through counsel, waived a declination hearing and pleaded guilty in adult court to three counts of first degree felony murder and one count of first degree murder.

¶3 In 2006, Ramos filed a notice of appeal challenging the juvenile court's declination order. The Court of Appeals dismissed the appeal as untimely, but this court granted discretionary review and directed the Court of Appeals to reinstate Ramos's appeal. *State v. Ramos*, No. 80365-0 (Wash. Mar. 7, 2008). Through counsel, Ramos argued on appeal that the unit of prosecution for felony murder was

each underlying felony rather than the number of persons killed. He also urged that the relevant declination statute did not allow juveniles under 14 years old to waive a declination hearing. In a pro se statement of additional grounds for review, Ramos argued that his community placement term was too vague under *State v. Broadaway*, 133 Wn.2d 118, 135-36, 942 P.2d 363 (1997). The Court of Appeals rejected these arguments and affirmed.

¶4 We again granted review and remanded the matter to the Court of Appeals for reconsideration in light of *Broadaway. State v. Ramos*, 168 Wn.2d 1025 (2010). On remand the Court of Appeals held that the term of community placement was too vague, and it thus remanded to the trial court to correct the judgment and sentence to state the exact term of community placement and specify any special conditions of placement. The Court of Appeals indicated in its opinion that resentencing was not required and that the trial court need only enter an order clarifying or amending the judgment and sentence. Ramos petitioned for this court's review.

¶5 A defendant has a constitutional right to be present at sentencing, including resentencing. *State v. Rupe*, 108 Wn.2d 734, 743, 743 P.2d 210 (1987). However, when a hearing on remand involves only a ministerial correction and no exercise of discretion, the defendant has no constitutional right to be present. *See State v. Davenport*, 140 Wn. App. 925, 931-32, 167 P.3d 1221 (2007). When a sentence is insufficiently specific about the period of community placement, remand for the ministerial task of expressly stating the correct period of community placement is usually all that is required. *Broadaway*, 133 Wn.2d at 136. But this court in *Broadaway* also noted that resentencing with discretion would be proper when, for instance, the trial court was originally mistaken about the period of community supervision, making it necessary to allow the court to exercise its discretion and reconsider the length of the prison sentence in light of the correct community supervision term. *Id.*

¶6 Here, the Court of Appeals, relying on *Broadaway*, remanded for correction of Ramos's judgment and sentence to state the specific term of community placement, which was not so stated in the original judgment and sentence. If that is all the trial court will be required to do, the remand hearing would be purely ministerial, since the length of community placement is dictated by statute. *See* former RCW 9.94A.120(8)(b) (1993). But the Court of Appeals went further, correctly directing the trial court to specify "the 'special terms' of the placement," which it had not originally done. *State v. Ramos*, noted at 156 Wn. App. 1041, 2010 WL 2487831, at *2, 2010 Wash. App. LEXIS 1338, at *4. Under former RCW 9.94A.120(8)(b) and (c) (1993), the trial court was required to impose certain conditions of placement unless it waived those conditions, and it had discretion to impose additional special terms, such as crime-related prohibitions. In directing the trial court to specify any special terms, the Court of Appeals necessarily required the trial court to exercise discretion in amending the judgment and sentence. Since the trial court's duty on remand is not merely ministerial, the trial court must exercise discretion. Ramos, therefore, has a right to be present and heard at resentencing.

¶7 The Court of Appeals is reversed to the extent it ruled that resentencing is not required. The matter is remanded to the trial court to specify the community placement term and the conditions of community placement. Upon remand, Ramos shall be afforded the opportunity to be present and heard.