IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33703-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROBERT LEE YATES, JR., | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Robert Lee Yates Jr. appeals an order denying a motion for

correction of his judgment and sentence under CrR 7.8. We agree that Mr. Yates's

judgment and sentence is facially invalid as to counts I and II and correction is

appropriate. However, resentencing is unwarranted. This matter is therefore remanded to

the superior court for technical corrections to the judgment and sentence without the need

for Mr. Yates's presence.

BACKGROUND

The pertinent facts in this case were set forth in our court's prior unpublished opinion and need not be repeated. *See State v. Yates*, No. 33703-1-III (Wash. Ct. App. Sept. 27, 2016) (unpublished), https://www.courts.wa.gov/opinions/pdf/337031_unp.pdf. Our prior opinion determined that Mr. Yates had filed a potentially meritorious petition to vacate his judgment and sentence for first degree murder because the sentences imposed exceeded the trial court's legal authority. Believing we lacked jurisdiction to address Mr. Yates's successive challenge to his sentence, we transferred his case to the Washington Supreme Court for review. The Supreme Court disagreed with our jurisdictional analysis and remanded the matter to this court, noting that because Mr. Yates had obtained a decision on the merits from the superior court under CrR 7.8(b), our court properly held jurisdiction over the matter as an appeal of right. Order, *State v. Yates*, No. 93772-9 (Wash. Jan. 6, 2017).

Subsequent to the Supreme Court's order of remand, Mr. Yates's case was noted for consideration by this court, without oral argument, on June 15, 2017. No further briefing was requested or volunteered.

ANALYSIS

As previously recognized by the Washington Supreme Court, Mr. Yates's judgment and sentence is facially invalid. *In re Pers. Restraint of Yates*, 180 Wn.2d 33, 38-39, 321 P.3d 1195 (2014). While the sentencing court only had authority to impose a 20-year minimum sentence for counts I and II, it instead imposed a 20-year determinate, or maximum, sentence for these counts. *Id.* at 39. The authority for determining the maximum sentence rests with the Indeterminate Sentence Review Board. *Id.* (citing RCW 9.95.011(1)).

The problems with Mr. Yates's judgment and sentence were not sufficient to invalidate his guilty pleas. *Yates*, 180 Wn.2d at 40-41. However, as set forth in our prior opinion, Mr. Yates has shown sufficient prejudice to justify correction of his judgment and sentence. *Yates*, No. 33703-1-III, slip op. at 4.

We therefore remand this matter to the superior court for correction of the judgment and sentence. However, full resentencing is not required. Mr. Yates has merely established a technical flaw in his judgment and sentence. It is well settled, as the law of the case, that Mr. Yates has suffered no realistic prejudice. In addition, in his briefing and argument to the superior court, Mr. Yates has recognized the superior court has no discretion but to impose indeterminate life sentences. Given these circumstances,

No. 33703-1-III
*State v. Yates*

correcting counts I and II to reflect indeterminate life sentences (as opposed to determinate 20-year terms as is currently stated) is a ministerial act not requiring Mr. Yates's physical presence. *State v. Ramos*, 171 Wn.2d 46, 48, 246 P.3d 811 (2011).

## CONCLUSION

This matter is remanded to the superior court with instructions to correct counts I and II of Mr. Yates's judgment and sentence, along with the recitation of the total term of incarceration, consistent with the terms of this opinion. Mr. Yates's presence is not required during the proceedings on remand.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

I CONCUR:

_____
Siddoway, J.

4

No. 33703-1-III

LAWRENCE-BERREY, A.C.J. (dissenting) — Robert Yates seeks resentencing based on a nonconstitutional error. To be entitled to relief, he must demonstrate that a fundamental defect has resulted in a complete miscarriage of justice to him. *In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 818, 272 P.3d 209 (2012). This standard is met when a sentencing court imposes a greater sentence than permitted by law. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 873, 876-77, 50 P.3d 618 (2002).

Here, the sentencing court did not impose a greater sentence than permitted by law. It imposed a lesser sentence. Mr. Yates has failed to establish that the lesser sentence resulted in a complete miscarriage of justice to him. For this reason, I would affirm the trial court's order.

Lawrence-Berrey, A.C.J.