

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36353-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEIL BOYD MCLEOD, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Neil McLeod appeals from the sentence imposed for his convictions by guilty plea to vehicular homicide and two counts of vehicular assault. He contends, and the State concedes, that in light of recent legislation the trial court erred by imposing interest on a $500 victim penalty assessment legal financial obligation (LFO). We remand for the court to strike any interest accrual on the nonrestitution LFO.

No. 36353-8-III
*State v. McLeod*

FACTS AND PROCEDURE

In light of the limited issue raised, the facts leading to Mr. McLeod's convictions are not pertinent to the appeal. After he pleaded guilty to the crimes, the court imposed a 330-month exceptional sentence for the vehicular homicide and 84 months' confinement on each count of vehicular assault, to run concurrent with the 330-month sentence. The court found Mr. McLeod indigent and imposed LFOs comprising a $500.00 victim penalty assessment and $8,940.36 in restitution. A boilerplate paragraph in section 4.3 of the judgment and sentence requires accrual of interest on all LFOs:

> The financial obligations imposed in this judgment shall bear interest from the date of the judgment until payment in full, at the rate applicable to civil judgments. RCW 10.82.090.

Clerk's Papers at 337. Mr. McLeod appeals his sentence.

DISCUSSION

Mr. McLeod contends the trial court erred by imposing interest on the $500 victim penalty assessment under recently amended RCW 10.82.090(1), and that interest on that LFO must be stricken from his judgment and sentence. The State concedes this point, and we agree.

In 2018, the legislature amended RCW 10.82.090(1) to provide that "[a]s of June 7, 2018, no interest shall accrue on nonrestitution legal financial obligations." LAWS OF 2018, ch. 269, § 1. The amendment left unchanged the requirement that "[r]estitution imposed in a judgment shall bear interest from the date of the judgment until payment, at

2

the rate applicable to civil judgments." RCW 10.82.090(1). The amendment was in effect when Mr. McLeod was sentenced on September 14, 2018, and therefore applies to his case. *See State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018). The State concedes that the judgment language requiring interest on nonrestitution LFOs is error and that Mr. McLeod's judgment and sentence should be updated to reflect the amendment to RCW 10.82.090(1). We agree, and remand for the trial court to correct the judgment and sentence to strike any interest on nonrestitution LFOs. Given that the correction will involve no exercise of the court's discretion, Mr. McLeod's presence is not required. *See State v. Ramos*, 171 Wn.2d 46, 48, 246 P.3d 811, 812 (2011).

Mr. McLeod also contends the judgment and sentence contains an error in section 4.1(b) because it suggests he received a life maximum term for each count—in contrast to the actual 330-month total confinement term ordered in section 4.1(a). The State explains that the judgment and sentence is a generic form used for different types of sentencings and that section 4.1(b) applies only to aggravated murder convictions for defendants under 18. It is readily apparent that section 4.1(b) does not apply to Mr. McLeod's case and the inclusion of any content in paragraph 4.1(b) is an unintended clerical oversight. It is clear that the total actual confinement ordered is 330 months, as handwritten in paragraph 4.1(a). To eliminate any confusion, the court on remand should remove the references to a life maximum term or cross out paragraph 4.1(b) altogether.

No. 36353-8-III
*State v. McLeod*

Remanded for the corrections to the judgment and sentence as stated in this opinion. The sentence is otherwise affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.

4