IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36845-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SHAWN ALAN STAHLMAN, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Shawn Stahlman appeals from the amended judgment and sentence entered for his Kittitas County convictions on plea of guilty to three counts of second degree identity theft and one count of theft of a firearm. He contends, and the State concedes, that a remand is necessary to strike the $200 criminal filing fee, $100 DNA collection fee, and the interest accrual provision on legal financial obligations (LFOs). We agree and remand accordingly. We reject Mr. Stahlman's contention raised in a statement of additional grounds for review.

FACTS AND PROCEDURE

In light of the limited issues raised, the facts leading to Shawn Stahlman's identity theft and theft of a firearm convictions are unimportant to this appeal. After Stahlman pled guilty, the court imposed concurrent sentences totaling 77 months for those crimes. The court also expressly stated that the sentence would run consecutively to his existing

sentence in a Yakima County case. The court found him indigent and imposed legal

financial obligations that included a $500 victim penalty assessment, $200 criminal filing

fee, and $100 DNA collection fee. A boilerplate paragraph in section 4.3 of the judgment

and sentence required accrual of interest on all financial obligations:

> The financial obligations imposed in this judgment shall bear interest
> from the date of the judgment until payment in full, at the rate applicable to
> civil judgments. RCW 10.82.090.

Clerk's Papers at 40. The judgment and sentence was entered on June 10, 2016.

Due to clerical oversight, the consecutive sentencing was not memorialized on the

judgment and sentence document. On March 13, 2018, the State filed a motion to amend

the 2016 judgment and sentence to reflect that the 77-month sentence runs consecutively

to the Yakima County sentence. The court entered an order amending the judgment and

sentence on March 26, 2018. Shawn Stahlman was not personally present at the hearing

but was represented by counsel.

Shawn Stahlman did not file a notice of appeal until May 22, 2019. Our

commissioner granted his motion to extend the time for filing the notice of appeal. The

trial court found him indigent for purposes of appeal.

## ANALYSIS

Shawn Stahlman contends the $200 criminal filing fee, $100 DNA fee, and

interest accrual provision must be struck from his judgment and sentence based on *State

v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). The State concedes. We agree.

House Bill 1783, which became effective June 7, 2018, prohibits trial courts from imposing discretionary LFOs on defendants who are indigent at the time of sentencing. LAWS OF 2018, ch. 269, § 6(3); *Ramirez*, 191 Wn.2d at 746. *Ramirez* held that the amendment applies prospectively and is applicable to cases pending on direct review and not final when the amendment was enacted. Among the changes was an amendment to former RCW 36.18.020(2)(h) (2015) to prohibit the imposition of the $200 criminal filing fee on indigent defendants, an amendment to former RCW 43.43.7541 (2015) to make the DNA database fee no longer mandatory if the State has previously collected the offender's DNA as a result of a prior conviction, and an amendment to RCW 10.82.090(1) to provide that "[a]s of June 7, 2018, no interest shall accrue on nonrestitution legal financial obligations." LAWS OF 2018, ch. 269, §§ 1, 17(2)(h), 18.

*State v. Ramirez* controls Shawn Stahlman's appeal. He was indigent throughout the trial court proceedings and remains indigent on appeal. The State acknowledges that his DNA has previously been collected pursuant to a felony conviction and concedes that the judgment language requiring interest on his legal financial obligations is error. Accordingly, the $200 criminal filing fee, $100 DNA collection fee, and interest accrual provision on Stahlman's financial obligations should be struck pursuant to *Ramirez*.

Given that the corrections will involve no exercise of the court's discretion, Stahlman's presence is not required. *See State v. Ramos*, 171 Wn.2d 46, 48, 246 P.3d 811 (2011).

3

No. 36845-9-III
*State v. Stahlman*

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

Shawn Stahlman filed a statement of additional grounds, raising one ground for review. He contends that the March 26, 2018 order amending his June 10, 2016 judgment and sentence to run his sentence consecutively to the Yakima County sentence should be invalidated and the original 77-month sentence reinstated because the amendment was untimely. He reasons that the trial court was required to correct any mistakes on the judgment and sentence within 90 days and the time limit for collateral attack is one year, whereas the State waited 21 months to seek the amendment. He states that neither he nor the Department of Corrections was notified of the amendment until April 2019 and this puts a strain on him and his loved ones because his release date is now changed from 2021 to 2025. His arguments do not merit relief.

CrR 7.8(a) provides in pertinent part:

> Clerical mistakes in judgments . . . and errors therein arising from oversight or omission may be corrected by the court *at any time* of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

(Emphasis added.)

Here, the sentencing court's omission of the consecutive sentence provision on the June 10, 2016 judgment and sentence was clearly an oversight, as the court expressly pronounced the consecutive sentence during the original sentencing hearing. CrR 7.8(a) sets no time limit to correct a clerical mistake. The court, thus, properly corrected the

4

clerical error when notified, albeit after 21 months. Shawn Stahlman was represented by counsel at the hearing, and his notice of appeal shows that the DOC received the order amending the judgment and sentence on March 27, 2018, the day after entry. Stahlman is required to serve the lawfully imposed sentence, as amended. He shows no error.

Remanded to strike the $200 criminal filing fee, $100 DNA collection fee, and interest accrual provision from the judgment and sentence. The judgment and sentence as amended is otherwise affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____          _____
Siddoway, J.                                              Pennell, A.C.J.