# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54421-1-II |
| Respondent, | |
| v. | |
| JAMES LEROY FRIEDRICH, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — James Leroy Friedrich pled guilty to two counts of first degree possession of depictions of a minor engaged in sexually explicit conduct. The trial court sentenced him to 89 months in confinement followed by 36 months in community custody on both counts to run concurrently. Friedrich appeals his sentence, arguing that the trial court erred by (1) imposing a sentence that exceeds the statutory maximum of 120 months by five months and (2) imposing three unconstitutionally vague community custody conditions. The State concedes that the trial court erred by imposing a sentence that exceeds the statutory maximum of 120 months by five months and that the three community custody conditions need clarification on remand. Friedrich also raises several issues in a statement of additional grounds (SAG).

We accept the State's concession that the length of Friedrich's sentence exceeds the statutory maximum by five months and remand to the trial court to remove five months from Friedrich's period of community custody. We hold that the community custody conditions 12 and 17 are unconstitutionally vague but condition 14 is not unconstitutionally vague, and we accept

the State's concession that all three conditions require clarification by the trial court on remand. We also hold that Friedrich raises no issues requiring reversal in his SAG.

FACTS

The State charged Friedrich with four counts of first degree possession of depictions of a minor engaged in sexually explicit conduct, class B felonies. By agreement, the trial court reviewed the arresting officer's affidavit of facts for a factual basis to support the plea. The court found support for each conviction. Friedrich pled guilty to two counts of first degree possession of depictions of a minor engaged in sexually explicit conduct and the ability to withdraw the plea if federal charges were filed. The court found that Friedrich entered the plea knowingly, intelligently, and voluntarily, and accepted the plea.

After the plea, but before sentencing, defense counsel questioned whether Friedrich was legally competent when entering his guilty plea. Friedrich's counsel moved to withdraw the plea, questioning Friedrich's competency due to a letter sent by Friedrich asking the court for a reduced sentence, contrary to the plea agreement previously entered. The trial court heard a lengthy competency motion. The court denied the motion to withdraw the plea.

The trial court sentenced Friedrich to 89 months confinement on the standard range of 77-102 months. The court also ordered 36 months community custody on both counts to run concurrently, subject to conditions outlined in Appendix H attached to the judgment and sentence.

Appendix H included three community custody conditions which Friedrich challenges for the first time on appeal: (1) condition 12: "Do not use/possess pornographic materials without [community corrections officer] and/or [t]herapist approval;" (2) condition 14: "Do not frequent places where minors congregate including but not limited to parks, pools, playgrounds, schools,

shopping malls and video arcades without CCO and/or [t]herapist approval;" and (3) condition 17: "That you do not engage in a romantic/sexual relationship without prior approval from your CCO and [t]herapist." Clerk's Papers (CP) at 164.

The aggregate total of Friedrich's sentence, 125 months, exceeds the statutory maximum for his class B felonies by five months. There was no objection below to the error. Friedrich appeals the judgment and sentence.

ANALYSIS

Friedrich argues that the trial court erred by imposing a sentence that exceeds the statutory maximum of 120 months by five months. The State concedes that the trial court erred. We accept the State's concession and remand to the trial court to remove five months from Friedrich's period of community custody and amend the judgment and sentence accordingly.

Friedrich next argues that the trial court erred by imposing three unconstitutionally vague community custody conditions. The State concedes that conditions 12 and 17 are unconstitutionally vague and requests a remand for the court to clarify all three conditions. We hold that the community custody conditions 12 and 17 are unconstitutionally vague but condition 14 is not unconstitutionally vague, and we accept the State's concession that all three conditions require clarification by the trial court on remand.

I. SENTENCE LENGTH

Friedrich argues that the trial court erred by imposing a sentence that exceeds the statutory maximum of 120 months by five months. The State concedes that the trial court erred by imposing a sentence that exceeds the statutory maximum of 120 months, and that under RCW 9.94A.701(9), on remand, the court should reduce his term of community custody from 36 months to 31 months.

No. 54421-1-II

We accept the State's concession and remand to the trial court to remove five months from Friedrich's period of community custody and amend the judgment and sentence accordingly.

"Possession of depictions of a minor engaged in sexually explicit conduct in the first degree is a class B felony punishable under chapter 9A.20 RCW." RCW 9.68A.070(1)(b).[1] The statutory maximum term of imprisonment for this offense may not exceed 120 months. RCW 9A.20.021(1)(b). Pursuant to the Sentencing Reform Act:

> The term of community custody specified by this section *shall* be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021.

RCW 9.94A.701(9) (emphasis added).

The trial court imposed a standard range sentence of 89 months in addition to 36 months of community custody pursuant to RCW 9.94A.701(1), for a total of 125 months. This sentence exceeds the permitted statutory maximum and therefore the total term of the community custody should be reduced to 31 months.

Friedrich's presence is not required at the hearing as the correction does not require the discretion of the trial court and is "purely ministerial." *State v. Ramos*, 171 Wn.2d 46, 49, 246 P.3d 811 (2011)

---

[1] The legislature amended RCW 9.68A.070 in 2019. LAWS OF 2019, ch. 128 § 6. Because these amendments are not relevant here, we cite to the current version of this statute.

4

We accept the State's concession and remand to the trial court to reduce the term of Friedrich's community custody to 31 months and amend the judgment and sentence accordingly. Because reducing the length of community custody will not require the court to exercise discretion as to any of the terms or conditions of that custody, the presence of Friedrich is not necessary at the hearing.

## II. COMMUNITY CUSTODY CONDITIONS

Friedrich claims that the following community custody conditions are unconstitutionally vague: 12, 14, and 17. The State concedes that conditions 12 and 17 are unconstitutionally vague, but disagrees that condition 14 is unconstitutionally vague. The State agrees that a remand to clarify all three conditions is appropriate. We hold that conditions 12 and 17 are unconstitutionally vague, but that condition 14 is not unconstitutionally vague, and we accept the State's concession that on remand the trial court must clarify all three conditions. Each condition will be addressed in turn.

We review community custody conditions for an abuse of discretion. *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). Friedrich argues that this court reviews whether the trial court had statutory authority to impose a community custody condition de novo, but his cited case[2] deals with an issue of statutory interpretation which is not at issue here. Imposing an unconstitutional condition is always an abuse of discretion. *Irwin*, 191 Wn. App. at 652.

---

[2] *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007)

"'Illegal or erroneous sentences may be challenged for the first time on appeal.'" *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008) (quoting *State v. Ford*, 137 Wn.2d 472, 477, 973 P.2d 452 (1999)). A defendant may assert a challenge to a vague condition of community custody if the challenge is sufficiently ripe. *Bahl*, 164 Wn.2d at 751. When the issue before us is a legal question and additional facts do not help our inquiry, it is likely the issue is ripe to be heard. *Bahl*, 164 Wn.2d at 748.

A community custody condition is unconstitutionally vague when it (1) fails to reasonably inform a person of ordinary intelligence what behavior is prohibited, (2) fails to provide explicit standards in order to prevent arbitrary and discriminatory application, or (3) places constraints on the exercise of basic First Amendment rights and leaves individuals unsure of how to comply. *State v. Padilla*, 190 Wn.2d 672, 679, 416 P.3d 712 (2018).

To determine if a community custody condition is unconstitutionally vague, a two-pronged analysis is applied. First, we must determine whether the condition "'fail[s] to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits.'" *Padilla*, 190 Wn. 2d at 679 (quoting *City of Chicago v. Morales*, 527 U.S. 41, 56, 119 S. Ct. 1849, 144 L. Ed. 2d 67 (1999) (plurality opinion)). Second, the provision will be void if it authorizes and even encourages arbitrary and discriminatory enforcement. *Padilla*, 190 Wn.2d at 679.

A. COMMUNITY CUSTODY CONDITION 12

Friedrich claims that condition 12 is unconstitutionally vague and should be stricken from his judgment and sentence. The State concedes that a remand is necessary for the court to clarify the condition. We accept the State's concession and remand for the trial court to clarify community custody condition 12.

6

Our Supreme Court has held that a community custody restriction "on accessing or possessing pornographic materials is unconstitutionally vague." *Bahl*, 164 Wn.2d at 758. Our Supreme Court has also determined that the term "pornographic materials," along with a provided definition, includes "images of sexual intercourse, simulated or real, masturbation, or the display of intimate body parts" was unconstitutionally vague as the prohibition against viewing depictions of simulated sex would encompass any depictions including those in movies or television shows. *Padilla*, 190 Wn.2d at 681 (internal quotation marks omitted). When the phrase is stated along with the directive that a community corrections officer is, at his or her discretion, permitted to determine what is permissible "the vagueness problem [is] more apparent, since it virtually acknowledges that on its face it does not provide ascertainable standards for enforcement." *Bahl*, 164 Wn.2d at 758.

Here, the condition states that Friedrich must not "use/possess pornographic materials without [community corrections officer] and/or [t]herapist approval." CP at 164. This language is void for vagueness as it fails to put Friedrich on notice with regard to what materials he is prohibited from using or possessing. It also leaves enforcement solely in the hands of a CCO or therapist which subjects him to arbitrary enforcement.

The State asks us to remand to the trial court to strike "'pornographic material' from condition 12 and replace it with the phrase 'sexually explicit material as defined by RCW 9.68.130(2).'" Br. of Resp. at 6. Under RCW 9.68.130(2) "sexually explicit material" is defined as:

[A]ny pictorial material displaying direct physical stimulation of unclothed genitals, masturbation, sodomy (i.e. bestiality or oral or anal intercourse), flagellation or torture in the context of a sexual relationship, or emphasizing the depiction of adult human genitals: PROVIDED HOWEVER, [t]hat works of art or of anthropological significance shall not be deemed to be within the foregoing definition.

We hold that community custody condition 12 is unconstitutionally vague and remand for the trial court to clarify the condition accordingly.

B.  COMMUNITY CUSTODY CONDITION 14

Friedrich claims that condition 14 is unconstitutionally vague and should be stricken from the judgment and sentence.  The State argues that condition 14 is not unconstitutionally vague, but agrees that the condition on remand should be clarified.  We hold that community custody condition 14 is not unconstitutionally vague, but we accept the State's concession and remand for the trial court to clarify the condition.

Our Supreme Court recently upheld a community custody condition prohibiting a defendant from "loiter[ing]in nor frequent[ing] places where children congregate such as parks, video arcades, campgrounds, and shopping malls," because it "puts an ordinary person on notice that they must avoid places where one can expect to encounter children, and it does not invite arbitrary enforcement*." State v. Wallmuller*, 194 Wn.2d 234, 237, 245, 449 P.3d 619 (2019).

The State directs our attention to *State v. Peters*, 10 Wn. App. 2d 574, 455 P.3d 141 (2019) (published in part).  In *Peters*, we rejected a vagueness challenge to a community custody condition that prohibited Peters from contact with minors unless approved by his CCO.  *Peters*, 10 Wn. App. 2d at 589-90.  We determined that chapter 9.68A RCW provides a clear meaning for the term defining "minor" as "any person under eighteen years of age." *Peters*, 10 Wn. App. 2d at 589-90;

8

RCW 9.68A.011(5). We remanded to the trial court to clarify the condition to state that Peters could "have no contact with minors under 18" unless approved by his CCO as this language provided notice to persons outside the criminal justice system of the specific restriction. *Peters*, 10 Wn. App. 2d at 589-90.

We hold that although community custody condition 14 is not unconstitutionally vague, we accept the State's concession and remand for the trial court to clarify the condition.

C.  COMMUNITY CUSTODY CONDITION 17

Friedrich claims that condition 17 is unconstitutionally vague and should be stricken from his judgment and sentence. The State concedes that condition 17 is unconstitutionally vague, but claims that the trial court on remand should clarify it instead of striking it entirely. The State proposes that the term "romantic" should be replaced with the term "dating." We accept the State's concession that community custody condition 17 is unconstitutionally vague and remand for the trial court to clarify the condition.

In *State v. Nguyen*, 191 Wn.2d 671, 425 P.3d 847 (2018), our Supreme Court distinguished "dating relationship" from "significant romantic relationship." The court reasoned that "[t]he terms 'significant' and 'romantic' are highly subjective qualifiers, while 'dating' is an objective standard that is easily understood by persons of ordinary intelligence" and therefore "dating relationship" is not an unconstitutionally vague term. *Nguyen*, 191 Wn.2d at 683. Additionally, we remanded a community custody condition in *Peters* for the term "romantic relationship" to be replaced with "dating relationship." 10 Wn. App. 2d at 590-91

Here, the trial court imposed condition 17 which states, "That you do not engage in a romantic/sexual relationship without prior approval from your CCO and [t]herapist. CP at 164. The State concedes that our Supreme Court has indicated that the word "romantic" is unconstitutionally vague and therefore should be replaced with "dating." Thus, we accept the State's concession that community custody condition 17 is unconstitutionally vague and remand for the trial court to clarify the condition.

### III. STATEMENT OF ADDITIONAL GROUNDS

In all three of his SAG issues, Friedrich requests that we consider his behavior and actions during his incarceration to reconsider the length of his sentence. Under RAP 10.10(a), a defendant may file a SAG to "identify and discuss those matters related to the decision under review." Here, Friedrich's SAG does not pertain to matters related to the decision under review; rather, they exclusively contain pleas to this court for consideration of his good behavior. Consequently, we hold that he raises no issues requiring reversal.

No. 54421-1-II

CONCLUSION

We accept the State's concession regarding the length of Friedrich's sentence and remand to the trial court to remove five months from Friedrich's period of community custody and amend the judgment and sentence accordingly. We hold that conditions 12 and 17 are unconstitutionally vague, but that condition 14 is not unconstitutionally vague, and remand for the trial court to clarify the three community custody conditions and amend the judgment and sentence accordingly. We also hold that Friedrich raises no issues requiring reversal in his SAG.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Sutton, A.C.J.

SUTTON, A.C.J.

We concur:

Maxa, J.

MAXA, J.

Glasgow, J.

GLASGOW, J.

11