IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37193-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LADARION MARY ROBERTS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Ladarion Roberts challenges legal financial obligations (LFOs) imposed as part of a felony sentence imposed in October 2019. We remand with directions to strike the deoxyribonucleic acid (DNA) collection fee and criminal filing fee.

PROCEDURAL BACKGROUND

The facts underlying Ladarion Roberts's convictions for first degree robbery and first degree kidnapping are not important to the errors assigned on appeal. She was sentenced on October 24, 2019. The trial court imposed $800 in legal financial obligations, among which were the $200 criminal filing fee and a $100 DNA collection fee. Ms. Roberts did not object at sentencing to any of the costs.

On November 7, 2019, the trial court found Ms. Roberts indigent and entered an order permitting appeal at public expense.

Ms. Roberts timely appealed her judgment and sentence and now challenges

imposition of the DNA collection fee and criminal filing fee.

ANALYSIS

Ms. Roberts challenges the imposition of the $100 DNA collection fee, arguing

that she has a prior felony sentence and her DNA was presumably collected at that time.

Following amendment in 2018, RCW 43.43.7541 provides that a conviction for a felony

must include a fee of $100 "unless the state has previously collected the offender's DNA

as a result of a prior conviction." Significantly, the State concedes that Ms. Roberts's

DNA *has* previously been collected.

Ms. Roberts also challenges the trial court's imposition of the $200 filing fee,

citing RCW 36.18.020(2)(h), which has provided since amendment in 2018 that the fee

"shall not be imposed on a defendant who is indigent as defined in RCW

10.101.010(3)(a) through (c)."

As the State points out, Ms. Roberts did not challenge either fee at sentencing, so

any error in imposing them is not reviewable under RAP 2.5(a) except at our discretion.

Nonetheless, the State does not ask us to deem the challenges waived, even though the

record does not demonstrate that Ms. Roberts is "indigent as defined in RCW

10.101.010(3)(a) through (c)," a requirement for avoiding both fees.[1]  The State joins in

---

[1] An appellant requesting that we strike LFOs on the basis of indigency should
ordinarily include evidence in the record on appeal that she is indigent as defined in

the request that we "order that the $200 criminal filing fee and the $100 DNA fee be stricken from the judgment and sentence," pointing out that no resentencing is required. Br. of Resp't at 2-3 (citing *State v. Ramos*, 171 Wn.2d 46, 48, 246 P.3d 811 (2011)).

We remand with directions to make the ministerial correction of striking the DNA collection and criminal filing fees from the judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, J.

WE CONCUR:

Pennell, C.J.

Korsmo, J.

---

RCW 10.101.010(3)(a) through (c). Under those provisions, a person is "indigent" if the person receives certain types of public assistance, is involuntarily committed to a public mental health facility, or receives an annual income after taxes of 125 percent or less of the current federal poverty level. *State v. Ramirez*, 191 Wn.2d 732, 748, 426 P.3d 714 (2018). An appellant's motion for order permitting appeal at public expense will ordinarily suffice but Ms. Roberts's motion was not designated in the clerk's papers.

Demonstration of a qualifying indigency is also required for relief from the DNA collection fee. In *Ramirez*, the Supreme Court characterized the amendment to the DNA collection fee provision as meaning that "the DNA database fee is no longer mandatory if the offender's DNA has been collected because of a prior conviction." 191 Wn.2d at 747. As a discretionary cost, the trial court is prohibited from imposing the fee only if the defendant at the time of sentencing is "indigent as defined in RCW 10.101.010(3)(a) through (c)." RCW 10.01.160; *Ramirez*, 191 Wn.2d at 747-48; *accord State v. Henson*, 11 Wn. App. 2d 97, 105, 451 P.3d 1127 (2019).