IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Post-Sentence Review of:<br><br>RADU IOANA,<br><br>                 Petitioner. | No. 82367-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — The Department of Corrections petitioned this court under RCW 9.94A.585(7) for review of the sentence imposed by the trial court in State v. Ioana, Whatcom County Superior Court Cause No. 20-1-00470-37. We grant the Department's petition and remand to the trial court.

The judgment and sentence states that Radu Ioana pleaded guilty to two counts of identity theft in the first degree, but provides statutory citations for a different crime, first-degree theft. See RCW 9A.56.030(1)(a); RCW 9A.56.020(1)(a). The judgment and sentence also reflects, by a checked box, the imposition of "up to 12 months" of community custody, which is available only if the crimes of conviction are identity theft in the first degree. See RCW 9.94A.702(1)(c) (for an offender sentenced to less than a year of confinement, court "may impose up to one year of community custody" if convicted of a crime against a person); RCW 9.94A.411(2) (crimes against a person include first-degree identity theft).

After following the procedures outlined in RCW 9.94A.585(7), the Department filed a post-sentence petition challenging the judgment and sentence. The Department asserts that the trial court must amend the judgment to clarify the crimes of conviction and Ioana's eligibility for community custody. The Department also contends that if eligible, the court must also impose a precise, rather than indeterminate, term. See State v. Broadaway, 133 Wn.2d 118, 136, 942 P.2d 363 (1997) ("Where a sentence is insufficiently specific about the period of community placement required by law, remand for amendment of the judgment and sentence to expressly provide for the correct period of community placement is the proper course."). Ioana has not responded to the Department's petition. The State concedes that remand is required to clarify the judgment and sentence. The State also asserts in its response that no community custody was ordered "on the record" at sentencing.

We agree with the Department and the State that the judgment and sentence requires clarification. And because RCW 9.94A.702(1) grants the superior court discretion to decide the term of community custody, if any, the superior court must conduct a resentencing hearing in order to exercise its discretion.[1] See Broadaway, 133 Wn.2d at 136. Resentencing is a critical stage in the proceedings for which the right to be present attaches, and therefore, such a hearing will require Ioana's presence unless he chooses to waive his right. State v. Rupe, 108 Wn.2d 734, 743, 743 P.2d 210 (1987).

---

[1] This would not be the case if the period of community custody was fixed by statute, and not discretionary. See State v. Ramos, 171 Wn.2d 46, 49, 246 P.3d 811 (2011).

We accept the State's concession, grant the Department's post-sentence petition and remand to the superior court for partial resentencing in accordance with this decision.

FOUR THE COURT:

_____
Brennan, J

_____
Andrus, A.C.J.

_____
Verellen, J