IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Respondent,<br><br>v.<br><br>LEON DEAN BARNACASCEL,<br><br>                Appellant. | No. 86880-2-I<br>(Consolidated with<br>Nos. 86882-9-I, 86881-1-I)<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — The lower court revoked Barnacascel's court imposed Mental Health Sentencing Alternative (MHSA) and imposed a 43-month sentence. Barnacascel appealed that decision but was released from Department of Corrections (DOC) custody prior to filing his opening brief. Concluding that his appeal is now moot, we dismiss his challenge to the revocation and remand to strike his Victim Penalty Assessment (VPA).

FACTS

On January 31, 2022, Barnacascel pleaded guilty to one count of possession of a stolen motor vehicle. The court imposed an MHSA, which required Barnacascel to be on community custody for 36 months, regularly meet with treatment providers, and take his medication as prescribed. The court also imposed a VPA of $500.

Between September 2022 and November 2023, the DOC filed five separate

violation notices indicating that Barnacascel failed to participate in required mental health and chemical dependency treatment and recommended that his MHSA be revoked. The court considered DOC's recommendation on three different occasions. The first two times the court reviewed the recommendation, it declined to revoke the MHSA and issued sanctions of 30 and 60 days, respectively. Upon reviewing the recommendation a third time, it revoked the MHSA. Upon revocation in December 2023 the court imposed a standard range sentence of 43 months.

In December 2023 Barnacascel appealed to this court. Barnacascel filed his opening brief in June 2025, and the State's response brief was filed in September 2025. Within the State's response brief, it included an appendix, detailing that in April 2025 Barnacasecel completed his sentence and is no longer under DOC supervision. Accordingly, the State alleges that Barnacascel's appeal is moot. Barnacascel did not file a reply brief or otherwise object to the State's inclusion of the appendix.

## DISCUSSION

### Revocation of MHSA

RCW 9.94A.695(12)(c) gives the trial court authority to revoke a sentencing alternative and impose a standard range sentence. Barnacascel argues that the court abused its discretion when it revoked his MHSA because the court was not aware it had discretion to refuse to revoke it.

However, an appeal is moot if we lack the ability to provide an effective remedy. State v. Hunley, 175 Wn.2d 901, 907, 287 P.3d 584 (2012). A challenge to a sentence becomes technically moot if the defendant has already served that sentence. Hunley, 175 Wn.2d at 907. Accordingly, "[a]s a general rule, we do not consider questions that

are moot." See id. "[M]ost cases in which appellate courts utilized the exception to the mootness doctrine involved issues of constitutional or statutory interpretation." In re Pers. Restraint of Mines, 146 Wn.2d 279, 285, 45 P.3d 535 (2002). This court can address a moot claim if it involves a matter of continuing and substantial public interest. Id. We consider (1) the public or private nature of the question presented, (2) the desirability of an authoritative determination for the future guidance of public officers, and (3) the likelihood of future recurrence of the question. Hunley, 175 Wn.2d at 907.

In the instant case, the State appended documentation showing that Barnacascel has completed his sentence because he was released from DOC custody and supervision on April 4, 2025. The State asserts the appeal is thus now "apparently" moot. Barnacascel nowhere responds to that assertion or explains why we should consider his claim under this standard. As Barnacascel does not otherwise address this question in a reply brief, his claim is moot, and we decline to consider his claim.

### Victim Penalty Assessment

The parties agree to remand for the trial court to strike the VPA. In 2023 the legislature added a subsection to RCW 7.68.035 that prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). See LAWS OF 2023, ch. 449, § 1(4). The State concedes that Barnacascel is indigent. We remand to the trial court to strike the VPA. Because this is a ministerial correction that does not involve the exercise of discretion, the court may do so without Barnacascel's presence. See State v. Ramos, 171 Wn.2d 46, 48, 246 P.3d 811 (2011).

## CONCLUSION

We dismiss as moot Barnacascel's claim challenging the revocation of his MHSA. We remand to the trial court solely for the ministerial purpose of striking the VPA from the judgment and sentence.

Coburn, J.

WE CONCUR:

Díaz, J.