167 P.3d 1221 (2007)
STATE of Washington, Respondent,
v.
Jerald Wayne DAVENPORT, Appellant.
In re the Personal Restraint Petition of Jerald Wayne Davenport, Petitioner.
Nos. 34755-5-II, 34666-4-II.
Court of Appeals of Washington, Division 2.
September 25, 2007.
*1222 Lisa Elizabeth Tabbut, Attorney at Law, Longview, WA, for Appellant.
Sheryl Gordon McCloud, Law Offices of Sheryl Gordon McCloud, Seattle, WA, for Petitioner.
Michael C. Kinnie, Attorney at Law, Vancouver, WA, for Respondent.

PART PUBLISHED OPINION
QUINN-BRINTNALL, J.
¶ 1 Jerald Wayne Davenport has filed a direct appeal and a personal restraint petition (PRP) following a previous appeal and a remand for resentencing. On remand, the trial court entered an order amending the original judgment and sentence but left intact the order sentencing Davenport to life without the possibility of parole under the Persistent Offender Accountability Act (POAA).[1] In this appeal, Davenport contends that: (1) he was denied his constitutional right to be present at the "resentencing" hearing; (2) his prior Oregon robbery offense was not comparable to the Washington strike offense of second degree robbery and was improperly included in computing his offender score; and (3) his POAA sentence of life without the possibility of parole is disproportionate to the offense and, therefore, cruel and unusual punishment. In his PRP, he repeats the challenges to his POAA sentence and also argues that he received ineffective assistance of counsel during trial on the original offense because his counsel did not challenge his arrest. In the published portion of this opinion, we hold that Davenport had a right to be present at his resentencing hearing and, therefore, reverse and remand for resentencing. We address the remaining issues in the unpublished portion of this opinion and deny Davenport's request for a new trial.

FACTS
Conviction, Sentencing, and First Direct Appeal
¶ 2 After a jury convicted Davenport of two counts of first degree robbery,[2] the trial court imposed a life sentence without the possibility of parole under the POAA. The trial court considered two convictions in determining whether Davenport should be sentenced as a persistent offender: (1) an Oregon conviction for second degree robbery that the trial court found to be comparable to second degree robbery under Washington law;[3] and (2) a Washington conviction for second degree robbery.[4]
¶ 3 Davenport appealed, arguing that the evidence was insufficient to support the two first degree robbery convictions and that his trial counsel was ineffective for failing to move to suppress the evidence against him based on his warrantless arrest in Oregon. State v. Davenport, noted at 121 Wash.App. 1041, 2004 WL 1053216 (Wash.Ct.App. May 11, 2004), remanded, 154 Wash.2d 1001, 110 P.3d 753 (2005). Davenport did not challenge the trial court's comparability analysis in his first direct appeal.
*1223 ¶ 4 In an unpublished opinion, we rejected both the sufficiency and ineffective assistance of counsel arguments. As to his ineffective assistance of counsel argument, we concluded that Davenport failed to establish ineffective assistance of counsel because exigent circumstances supported the warrantless entry and arrest and the trial court would have likely denied any suppression motion on that basis. Davenport, 121 Wash.App. 1041, 2004 WL 1053216, at *5.
¶ 5 Davenport then petitioned the Washington State Supreme Court for review. The Supreme Court granted the petition and, without issuing a published opinion, remanded the case back to us for reconsideration in light of State v. Tvedt, 153 Wash.2d 705, 107 P.3d 728 (2005).
¶ 6 On reconsideration, we amended our prior opinion, and, relying on Tvedt, reversed and dismissed count II with prejudice due to insufficient evidence. We remanded the matter "with instructions to dismiss with prejudice count II and for resentencing." Clerk's Papers (CP) at 18. Remand
¶ 7 On remand, Davenport's counsel requested that Davenport, who was in custody in Nevada, be present at the resentencing hearing. On March 16, 2006, the trial court held a hearing to consider this request and to clarify what issues were before it on remand. Over defense counsel's objections, the trial court denied the request to transport, stating that because only one current conviction had been vacated, Davenport still would be sentenced to life without parole under the POAA.
¶ 8 Defense counsel unsuccessfully attempted to argue several issues related to Davenport's sentence. The trial court refused to consider these issues, asserting that under our opinion it need only amend the sentence to reflect the vacated conviction and emphasizing that Davenport had not raised these sentencing issues before.
¶ 9 Following the March 16 hearing, Davenport's counsel filed a "sentencing brief" challenging the calculation of Davenport's criminal history and offender score. In this brief, he argued, as he had attempted to argue at the March 16 hearing, that Davenport's Oregon robbery conviction was not a strike offense because it was not comparable to second degree robbery under Washington law and that, under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), a jury rather than the trial court should determine any factual comparability issues. He also argued that Davenport's POAA sentence of life without the possibility of parole violated the state constitution because it was grossly disproportionate to the crime, and reasserted his argument that Davenport had a right to be present at the "resentencing" hearing.
¶ 10 In response to defense counsel's sentencing brief, the trial court issued a letter to the deputy prosecutor and defense counsel summarizing what it had stated at the March 16 hearing. This letter stated:
I have received a packet of documents from [defense counsel], including a "Sentencing Brief." Perhaps I did not make myself clear at the last hearing on this case. The Court of Appeals reversed one of [Davenport's] two robbery convictions. No issues were decided in [Davenport's] favor on sentencing issues. That tells me that no issues as to sentencing were raised on Appeal, or it [sic] they were, the court did not resolve them in [Davenport's] favor.
Therefore, despite the standard boiler plate in the court's Order Reconsidering Opinion on Remand from [the] Supreme Court: "We reverse Davenport's conviction of Count II and remand with instructions to dismiss with prejudice Count II and for re-sentencing." Resentencing is not only unnecessary, but beyond the relief granted by the Court of Appeals.
Ordinarily, vacation of one conviction would require re-sentencing, because it would change a defendant's standard range, or alternatively, it could impact the court's discretion. In this case, neither proposition is true. Because [Davenport] was sentenced to "life without parole" as a persistent offender, there is no standard range, and the court has no discretion. Further, [Davenport] has failed to preserve his challenges to the evidence used at his sentencing, by not raising such issues *1224 at the trial level, nor on Appeal therefrom.
This is not a case where the Court of Appeals' ruling sets aside [Davenport's] sentence; but rather, only one of two convictions for Robbery I. Therefore, this court is not empowered, nor required to re-sentence [Davenport]. This court's function at this time is to dismiss the conviction of Count II. For this purpose, [Davenport's] presence is not required. An order accomplishing this task is attached, and will be presented on April 11, 2006.
CP at 90-91.
¶ 11 Davenport was not present at the April 11 hearing. At that hearing, the trial court again refused to consider defense counsel's sentencing arguments.
¶ 12 The trial court filed the order amending the judgment and sentence and warrant of commitment on April 11. This order amended the judgment and sentence and warrant of commitment, dismissing count II, vacating the sentence on count II, and recalculating the offender score and standard range for count I. It also stated, "All terms and conditions of the Judgment and Sentence Prison  Persistent Offender filed July 5, 2002, remain in full force and effect except as provided herein." CP at 92.
¶ 13 On April 12, Davenport filed a PRP in this court. Davenport also appealed the April 11 order. We consolidated the PRP with the direct appeal.

ANALYSIS
Defendant's Absence at Hearings Following Remand
¶ 14 Relying on State v. Rupe, 108 Wash.2d 734, 743 P.2d 210 (1987), cert. denied, 486 U.S. 1061, 108 S.Ct. 2834, 100 L.Ed.2d 934 (1988), Davenport first argues that he had a constitutional right under both the federal and state constitutions to be present at his "resentencing" hearing. The State responds that Davenport's presence was not required at the hearings on remand because the trial court vacated only one of Davenport's convictions and did not modify any substantive provisions of the original sentence. Although Rupe does not control our decision here, we agree that, on the facts of this case, Davenport had a right to be present at his resentencing. We also note that our order on remand was not to correct the judgment and sentence, but for resentencing.
¶ 15 In the initial appeal, we reversed Davenport's first degree robbery conviction due to insufficient evidence and remanded with directions that the trial court dismiss count II with prejudice and resentence him on one count of first degree robbery. The dismissal of count II altered Davenport's sentencing range. Removing the vacated robbery conviction changed Davenport's offender score on the remaining offense from seven points, with a corresponding standard range of 87 to 116 months, to five points, with a corresponding standard range of 57 to 75 months. Accordingly, on remand, the trial court was required to resentence Davenport on first degree robbery as charged in count I.
¶ 16 The trial court apparently believed that because Davenport's POAA sentence mandated imposition of a term of life without possibility of parole, it was not exercising any discretion in resentencing Davenport and, therefore, the resentencing hearing was not a true resentencing. We disagree.
¶ 17 We do not decide the merits of the issues Davenport attempted to raise at his resentencing hearing, only his right to be present and to raise them. At the resentencing hearing, the trial court had the discretion to consider issues Davenport did not raise at his initial sentencing or in his first appeal. State v. Barberio, 121 Wash.2d 48, 51, 846 P.2d 519 (1993) (citing State v. Sauve, 33 Wash.App. 181, 183 n. 2, 652 P.2d 967 (1982), aff'd, 100 Wash.2d 84, 666 P.2d 894 (1983)). Without Davenport being present or having an opportunity to be heard, it exercised that discretion, deciding not to address those issues. At least one issue Davenport's counsel sought to raise, the comparability of his Oregon second degree robbery conviction, could affect his POAA sentence.
¶ 18 We agree with the State that a defendant need not be present when his presence would be useless or "the benefit but a shadow." State v. Rice, 110 Wash.2d 577, 616, 757 P.2d 889 (1988) (quoting Snyder v. Massachusetts, *1225 291 U.S. 97, 106-07, 54 S.Ct. 330, 78 L.Ed. 674 (1934)), cert. denied, 491 U.S. 910, 109 S.Ct. 3200, 105 L.Ed.2d 707 (1989). But here, the trial court exercised its discretion and the matters Davenport's counsel urged the court to consider on resentencing, including the comparability of his Oregon second degree robbery conviction, were matters with substantial relation to Davenport's ability to have the court correctly determine his offender score and POAA status. As such, Davenport's resentencing involved more than the court's performing a ministerial act and was a critical stage in Davenport's prosecution at which he was entitled to be present. See Garrison v. Rhay, 75 Wash.2d 98, 102, 449 P.2d 92 (1968) ("a critical stage is one in which there is a possibility that a defendant is or would be prejudiced in the defense of his case"); see also City of Bothell v. Gutschmidt, 78 Wash.App. 654, 662-63, 898 P.2d 864 (1995) ("[w]here the act to be done involves the exercise of discretion or judgment, performance of that duty is not merely ministerial").
¶ 19 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
We concur: BRIDGEWATER, J., and VAN DEREN, A.C.J.
NOTES
[1] Former RCW 9.94A.120(4) (1999) (now RCW 9.94A.570).
[2] Davenport committed these offenses on November 19, 2000.
[3] Although the record from the first sentencing is not before us, the State asserts that defense counsel affirmatively agreed that the Oregon offense was comparable to second degree robbery under Washington law.
[4] Davenport also had a prior Oregon conviction for attempted unlawful possession of a controlled substance. That prior conviction is not relevant to his sentence under the POAA, although it could potentially be relevant to whether Davenport would qualify as a habitual offender if he had been sentenced in another state.