# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53801-6-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| WILLIAM MANUEL ALVAREZ-CALO, | |
| Appellant. | |

MAXA, J. – William Manuel Alvarez-Calo appeals the trial court's refusal to consider on remand an argument that his convictions for first degree felony murder and second degree burglary merged. In an earlier appeal, this court affirmed Alvarez-Calo's convictions but remanded for the trial court to strike all references in the judgment and sentence to a vacated attempted first degree robbery conviction and to reexamine the imposition of certain legal financial obligations (LFOs). On remand, the trial court declined to consider Alvarez-Calo's argument that the second degree burglary conviction should merge with the first degree felony murder conviction.

We hold that (1) the trial court did not err by declining to consider Alvarez-Calo's merger argument, (2) Alvarez-Calo did not receive ineffective assistance counsel when defense counsel failed to argue that he was entitled to make his merger argument on remand, and (3) Alvarez-Calo's claims asserted in his statement of additional grounds (SAG) have no merit. Accordingly,

we affirm the trial court's refusal to consider Alvarez-Calo's argument that his first degree burglary conviction should merge with the first degree felony murder conviction.

## FACTS

*Background*

In November 2016, a jury found Alvarez-Calo guilty of first degree felony murder, first degree burglary, and attempted first degree robbery. The convictions arose from the November 2012 murder of a man in Lakewood.

At sentencing, the trial court ruled that the attempted first degree robbery conviction merged with the first degree felony murder conviction and the judgment and sentence reflected that ruling. However, the judgment and sentence noted that the jury had returned a finding that Alvarez-Calo was armed with a firearm when he committed the attempted first degree robbery, and the trial court did not remove this reference.

Alvarez-Calo also argued that his first degree burglary conviction should merge with the first degree felony murder conviction. The trial court did not merge these two convictions, but the court did find that they constituted the same criminal conduct. Therefore, Alvarez-Calo's offender score was reduced from 2 to 1.

The trial court imposed a total of 370 months of confinement. The court also imposed as LFOs the criminal filing fee and the DNA collection fee, and ordered that interest would accrue on all LFOs.

Alvarez-Calo appealed his convictions on multiple grounds, and he also raised multiple claims in a statement of additional grounds. *State v. Calo*, No. 49794-8-II, slip op. at 1 (Wash. Ct. App. Dec. 27, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2049794-8-II%20Unpublished%20Opinion.pdf. In addition, he appealed the trial court's failure to remove all references to the merged attempted first degree robbery conviction from the judgment and

sentence. *Id*. Finally, Alvarez-Calo challenged the imposition of the criminal filing fee, the DNA collection fee, and interest on nonrestitution LFOs. *Id*. at 1-2. Alvarez-Calo did not challenge the trial court's decision not to merge the first degree burglary conviction with the first degree felony murder conviction.

This court affirmed Alvarez-Calo's convictions. *Id.* at 2, 61. However, the court held that the judgment and sentence must be amended to strike all references to the vacated attempted first degree robbery conviction, including reference to the special verdict on that charge. *Id*. at 22. The court "remand[ed] to the trial court with directions to amend the judgment and sentence to reflect only the first degree murder and first degree burglary convictions and special verdicts related only to those convictions." *Id.* In addition, the court remanded for the trial court to address imposition of the criminal filing fee and DNA collection fee under the 2018 amendments to the LFO statues. *Id.* at 60-61. The court also remanded for the trial court to strike all interest on nonrestitution LFOs after June 7, 2018. *Id.* at 61.

*Proceedings on Remand*

On remand, the trial court held a brief hearing with Alvarez-Calo present. The court formally found that Alvarez-Calo was indigent, struck the criminal filing fee and DNA collection fee, and ordered that interest would not accrue on nonrestitution LFOs. The trial court entered an order correcting the judgment and sentence to reflect these rulings. The court also entered an order vacating the attempted first degree robbery conviction. Both orders stated that "[a]ll other terms and conditions of the original Judgment and Sentence shall remain in full force and effect." Clerk's Papers at 51, 130.

At the hearing, Alvarez-Calo himself asked the trial court to merge his first degree felony murder and first degree burglary convictions. The court responded that the merger issue was not

before the court at that time.  Defense counsel did not argue the merger issue and in fact stated that the two convictions did not merge.

Alvarez-Calo appeals the trial court's refusal to consider his argument that the first degree felony murder and first degree burglary convictions should merge.

ANALYSIS

A.    TRIAL COURT AUTHORITY TO CONSIDER THE MERGER ARGUMENT

Alvarez-Calo argues that the trial court erred when it declined to consider his request to merge his first degree burglary conviction with his first degree felony murder conviction.  We disagree.

1.    Merger Doctrine

The merger doctrine is a rule of statutory construction that courts use to assist in determine whether separate convictions violate double jeopardy.  *In re Pers. Restraint of Knight*, 196 Wn.2d 330, 336-37, 473 P.3d 663 (2020).  " 'Under the merger doctrine, when the degree of one offense is raised by conduct separately criminalized by the legislature, we presume the legislature intended to punish both offenses through a greater sentence for the greater crime.' " *Id.* at 337 (quoting *State v. Freeman*, 153 Wn.2d 765, 772-73, 108 P.3d 753 (2005)).  When two convictions merge, the remedy is to vacate the lesser offense.  *See State v. Muhammad*, 194 Wn.2d 577, 628, 451 P.3d 1060 (2019).

However, RCW 9A.52.050 – the burglary antimerger statute – provides, "Every person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately."  Under this statute, a trial court has discretion to refuse to merge a burglary conviction with a conviction for an offense

committed in the commission of the burglary even if the two offenses constitute the same criminal conduct. *State v. Lessley*, 118 Wn.2d 773, 781, 827 P.2d 996 (1992).

Here, Alvarez-Calo's first degree burglary conviction raised the degree of his first degree felony murder conviction. Therefore, the merger doctrine potentially applied. But the burglary antimerger statute gave the trial court discretion whether to merge the two convictions. At the original sentencing, the trial court declined to order merger. At the hearing on remand, Alvarez-Calo asked the court to not apply the antimerger statute and to vacate the first degree burglary conviction under the merger doctrine.

2. Scope of Sentencing on Remand

The trial court's authority to address sentencing issues on remand is limited by the scope of the appellate court's mandate. *State v. Kilgore*, 167 Wn.2d 28, 42, 216 P.3d 393 (2009). "[T]he defendant may raise sentencing issues on a second appeal if, on the first appeal, the appellate court vacates the original sentence or remands for an entirely new sentencing proceeding." *State v. Toney*, 149 Wn. App. 787, 792, 205 P.3d 944 (2009). In this situation, the trial court has discretion to consider issues that the defendant did not raise at the initial sentencing or in the first appeal. *State v. Davenport*, 140 Wn. App. 925, 932, 167 P.3d 1221 (2007). For example, in *Toney* we held that the trial court properly exercised its discretion to conduct a full resentencing proceeding when our opinion unequivocally remanded for resentencing. 149 Wn. App. at 792-93.

Conversely, the defendant may not raise sentencing issues on a second appeal "when the appellate court remands for the trial court to enter only a ministerial correction of the original sentence." *Id.* at 792.

5

Here, the scope of this court's remand controls. This court did not vacate the original sentence or remand for resentencing. Instead, the court remanded for a limited purpose: for the trial court to amend the judgment and sentence to reflect only the first degree felony murder and first degree burglary convictions, to consider whether to impose the criminal filing fee and DNA collection fee under the 2018 amendments to the LFO statutes, and to strike the accrual of interest on nonrestitution LFOs. None of those tasks required or allowed Alvarez-Calo to make new sentencing arguments or to obtain a full resentencing.

Alvarez-Calo argues that he should be able to raise new sentencing issues on remand because this court required the trial court to exercise discretion in deciding not to impose the criminal filing fee and DNA collection fee. That exercise of discretion certainly would have allowed Alvarez-Calo to appeal the trial court's LFO decisions if Alvarez-Calo had been aggrieved by those decisions. *State v. Barberio*, 121 Wn.2d 48, 50, 846 P.2d 519 (1993) (stating that an issue becomes appealable "if the trial court, on remand, exercised its independent judgment, reviewed and ruled again on such issue"). But Alvarez-Calo provides no authority for the proposition that this court's remand for the exercise of discretion on narrow LFO issues allowed him to raise *unrelated* sentencing issues.

Therefore, we hold that the trial court did not err when it declined to consider Alvarez-Calo's merger argument.

B.    INEFFECTIVE ASSISTANCE OF COUNSEL

Alvarez-Calo argues that he received ineffective assistance of counsel when defense counsel failed to raise the issue of merger on remand. However, as discussed above, the trial court had no authority to address the issue of merger on remand. Therefore, defense counsel was

not ineffective for failing to raise the issue. We reject Alvarez-Calo's ineffective assistance of counsel claim.

C. SAG CLAIMS

In his SAG, Alvarez-Calo asserts that the trial court erred by refusing to consider the issue of merger on remand and that he received ineffective assistance of counsel on remand. These arguments are addressed above and we need not consider them further.

In a supplemental SAG, Alvarez-Calo asserts that he is entitled to a full resentencing hearing to show that his sentence was disproportionately higher than his codefendant's sentence. For the reasons stated above, Alvarez-Calo was not entitled to a resentencing. Therefore, we reject this assertion.

CONCLUSION

We affirm the trial court's refusal to consider on remand Alvarez-Calo's argument that his first degree burglary conviction should merge with the first degree felony murder conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
SUTTON, A.C.J.

_____
GLASGOW, J.